UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

VICTOR D'ACOSTA BOURNE,

                Petitioner,

     -against-

OFFICE OF THE CLERK, UNITED STATES
DISTRICT COURT, EASTERN DISTRICT
OF NEW YORK, BROOKLYN DIVISION,

                Respondent.

**ORDER**

**13-CV-3638 (NGG) (LB)**

------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On June 24, 2013, Petitioner Victor D'Acosta Bourne—incarcerated at a federal correctional facility in Jonesville, Virginia pursuant to a conviction in this court—filed this pro se Petition for Writ of Mandamus pursuant to 28 U.S.C. § 1651 ("Mandamus Petition") seeking to compel the Clerk of this Court to file three motions allegedly mailed to the court on March 26, 2013. (Mandamus Pet. (Dkt. 1).)

In his Mandamus Petition, Bourne alleges that he submitted three motions to the court by certified mail that were not filed: "(a) Mr. Bourne's timely Motion for Reconsideration relating to this Court's March 13, 2013 judgment denying his motion for a New Trial; (b) Mr. Bourne's Motion for Appointment of Counsel relating to the same; and (c) Mr. Bourne's Motion for an Evidentiary Hearing relating to the same." (Id. at 3.) He attaches a copy of the certified mail receipt which appears to indicate that the envelope addressed to the Clerk of this Court was in fact mailed on March 26, 2013. (Id. at 2.) Bourne also provides a copy of what appears to be the motion for the appointment of counsel that was purportedly not filed. (See Mot. for

Appointment of Counsel (Dkt. 2).) This motion, however, is captioned United States v. Bourne, does not have a docket number, and the Certificate of Service attached thereto is dated June 18, 2013 (id.)—not March 26, 2013, as Bourne contends (see Mandamus Pet. at 3).

Bourne appears to request that the referenced motions be filed in his action commenced by the filing of a Petition for Writ of Habeas Corpus submitted pursuant to 28 U.S.C. § 2241 ("Habeas Petition"). See Bourne v. United States, No. 12-CV-2739 (NGG) (E.D.N.Y.). However, two of these motions—his motion for reconsideration of the court's Memorandum and Order dismissing his Habeas Petition without prejudice, and his motion for an evidentiary hearing—were in fact filed, Mot. for Recon., id. (E.D.N.Y. Feb. 20, 2013), Dkt. 10; Mot. for Evid. Hr'g, id. (E.D.N.Y. Feb. 20, 2013), Dkt. 11, and later denied, Order, id. (E.D.N.Y. July 15, 2013), Dkt. 18. This much of the Mandamus Petition must therefore be dismissed as moot.

As to Bourne's motion for appointment of counsel, this portion of the Mandamus Petition is also dismissed as moot. In the motion allegedly not filed by the Clerk's Office, Bourne requests "replacement counsel to assist in the continued prosecution of his Motion for a New Trial," i.e., his Habeas Petition. (See Mot. for Appointment of Counsel.) See also Order, Bourne (E.D.N.Y. July 15, 2013), Dkt. 18 (refusing to retroactively construe the Habeas Petition as a motion for a new trial). Bourne is of course entitled to, and currently enjoys, the assistance of counsel on his direct appeal. But he is not guaranteed counsel in connection with his Habeas Petition. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). And although the court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), because the court already dismissed the Habeas Petition, here any appointment of counsel in that case would be futile. See Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003) (instructing district courts to consider whether the pro se claims are "likely to be of

substance" when considering whether to request the appointment of counsel).

Accordingly, because each of the motions that Bourne requests be filed was either already decided or moot, the Mandamus Petition itself must be DISMISSED AS MOOT. The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

Dated: Brooklyn, New York  
August 20, 2013

s/Nicholas G. Garaufis  
NICHOLAS G. GARAUFIS  
United States District Judge